Follett, J.
(dissenting)—The judgment before us carries the doctrine of “ substantial performance ” far beyond any recorded precedent, and as I think, far beyond reasonable limits. James, who contracted to erect this frame, and Jones, a carpenter employed by James and sworn in behalf of the plaintiff, both testified that the defects of this frame were many and material.
*879 Neither of these witnesses claim that the frame was erected in a good and workmanlike manner It is not claimed that the defects were accidental or arose from errors of judgment; nor is it claimed that the defendant acquiesced in the defects, on the contrary he demanded in writing on the sixteenth day of June a performance of the contract.
Although James openly concedes the existence of the defects, yet he does not claim, nor does the plaintiff, his wife, claim that they offered to remedy them. As the evidence stands, it seems to me that this presents a plain case of willful misperformance of this contract on the part of James, and that the finding of the referee that there was a substantial performance, is contrary to the evidence and contrary to his own findings of fact. The burden of showing a performance of this contract was upon the plaintiff, and she did not show that §5,000 feet of siding, or any quantity, was furnished, and for this I think a new trial should be granted.
The judgment recovered in the justice’s court is a distinct judicial affirmation that the contract was not performed; and how it can be held, as a matter of law, that bringing the action and recovering the judgment for the non-performance of the contract to build the barn was an acceptance of the barn, I am quite unable to understand.
The judgment should be reversed and a new trial granted, with costs to abide the event.